IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| KRISTIAN E. HEDINE, | ) | No. 37244-8-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 37245-6-III, |
| | ) | No. 37246-4-III) |
| v. | ) | |
| | ) | |
| ALEXIS GUERRERO, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |
| | ) | |
| ASHELY C. KULBERG, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ALEXIS GUERRERO, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |
| | ) | |
| CLARA ROSSI GRANT, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEXIS GUERRERO, | ) | |
| | ) | |
| Petitioner. | ) | |

PENNELL, C.J. — Alexis Guerrero has obtained discretionary review of

antiharassment orders issued in favor of three Walla Walla County District Court

personnel: Judge Kristian Hedine, Ashely Kulberg, and Clara Grant (collectively

Respondents). We affirm in part and reverse in part.

FACTS

Alexis Guerrero posted a video on YouTube entitled "THREATENED by a

JUDGE!!". The video depicted an encounter at the district court between Mr. Guerrero

and Judge Kristian Hedine, Court Administrator Clara Grant, and Probation Officer

Ashely Kulberg. Mr. Guerrero had been told he was not authorized to make a video

recording at the court and that he needed to leave. He disobeyed this instruction and

recorded his interactions with various court officials.

Mr. Guerrero's YouTube post included the following description of the video:

> Protesting a $10 parking ticket should never have this result. A judge
> should know his place and shouldn't cause a disturbance as he did or act
> beyond his authority as well. The unethical behavior was reported to the
> Commission of Judicial Conduct, and they found no misconduct or
> unethical behavior By [sic] judge Hedine. Well I beg to differ and I'm sure
> I'm not alone in tht [sic] opinion. Let's give them a call and let them know
> how you feel about the violation of rights that are clear in this video! Title
> 18 section 242. Deprivation of rights under the color of law!

Clerk's Papers (CP) at 24. The video contained the names and work phone numbers of

Judge Hedine, Ms. Grant, and Ms. Kulberg. A caption superimposed on the video

2

exhorted viewers to "Flood Calls PLEASE" with Ms. Grant's phone number. *Id*. at 797.

Another caption stated that Judge Hedine became a judge "by default." *Id*. at 447.

The video was also posted on a second YouTube channel that was not controlled

by Mr. Guerrero. Between the two postings, the video received over 10,000 views. Mr.

Guerrero posted a comment on one of the videos, stating in part:

> Google how [Judge Hedine] initially got put into the bench and you will
> clearly see that it was initially by default and he's just taking over for
> another piece of shit judge. Who clearly had his own issues with sleeping
> with a married staff.

*Id*. at 36. Mr. Guerrero's comments repeatedly referred to Judge Hedine derogatorily and

with profanity.

The videos received numerous comments, including threatening statements aimed

at Judge Hedine, court staff, and their families. In the days following the posting of the

video, Judge Hedine, Ms. Grant, and Ms. Kulberg all received vitriolic phone calls and

e-mails. Some phone calls included threats against Judge Hedine and courthouse staff. As

a result of these threats, Judge Hedine was forced to switch the location of his office, and

sheriff's deputies were posted outside the district court's facility.

Judge Hedine, Ms. Grant, and Ms. Kulberg all petitioned for civil antiharassment

protection orders against Mr. Guerrero. The petitions contained hyperlinks to Mr.

Guerrero's video on YouTube. A visiting district court judge presided over the hearing on the petitions. The judge watched the YouTube videos and granted the petitions.

The district court's protection orders restrained Mr. Guerrero from contacting, surveilling, or being within 1,000 feet of the petitioners' homes and workplaces, except to conduct legitimate court business. Mr. Guerrero was also:

> [R]estrained from posting any additional defamatory or harassing content on the internet either by himself or through third parties and is directed to immediately remove all defamatory and harassing content which has been previously posted on the internet concerning the Petitioner, specifically threatening and defamatory posts.

*Id*. at 4, 394, 783.

Mr. Guerrero appealed the protection orders to superior court. A superior court judge reviewed the YouTube videos along with the report of proceedings and the district court's written findings. The superior court found substantial evidence in support of the district court's findings and largely affirmed the restraining orders. However, the court ruled the orders as to Ms. Grant and Ms. Kulberg must be modified to eliminate a prohibition on posting defamatory content. The court made this modification based on the fact that only Judge Hedine had made allegations of defamation.

Mr. Guerrero sought discretionary review in this court, which was granted under RAP 2.3(d)(2).

4

ANALYSIS

Mr. Guerrero's brief raises three issues: (1) whether sufficient evidence justified the antiharassment orders, (2) whether the YouTube videos posted by Mr. Guerrero were constitutionally protected as free speech, and (3) whether the antiharassment orders' prohibitions on future speech constituted invalid prior restraints on speech.

*Issues one and two: evidentiary sufficiency and free speech*

The current record is insufficient to permit review of Mr. Guerrero's first two claims. The rulings of both the district and superior courts rested heavily on Mr. Guerrero's video as posted to YouTube. At the time of the prior court hearings, the videos were available online. However, the videos have since been taken down and are not part of the record on review. Given this circumstance, we are unable to assess whether there was a factual basis for entry of the restraining orders against Mr. Guerrero or whether Mr. Guerrero was engaged in protected speech.

Mr. Guerrero argues that the absence of the videos from the record favors his position because, without the videos, a factual basis is necessarily lacking. We disagree with this assessment. As the petitioner, Mr. Guerrero bears the responsibility of providing an adequate record for review. RAP 9.2(b). When evidence forming the basis for a decision on review is absent from the record, the petitioner can and should seek

supplementation. RAP 9.10; *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012). We bear no responsibility to help petitioners make their record, especially where, as here, the missing evidence lies in the control of the petitioner. We deny Mr. Guerrero's request for relief under the first two assignments of error, based on his failure to provide an adequate record.

*Issue three: prior restraint*

Mr. Guerrero's third assignment of error, regarding prior restraint, requires little factual analysis and can therefore be reviewed on the current record. Mr. Guerrero claims the provisions of the restraining orders prohibiting him from prospectively posting defamatory or harassing content on the Internet are invalid prior restraints that violate his constitutional right to free speech. We review this constitutional challenge de novo. *In re Marriage of Suggs*, 152 Wn.2d 74, 79, 93 P.3d 161 (2004).

A prior restraint is a governmental restriction that bars speech before it occurs. *Id.* at 81. Prior restraints implicate constitutional free speech rights and "carry a heavy presumption of unconstitutionality." *Id*. Generally, prior restraints are warranted only in exceptional circumstances such as war, obscenity, and incitements to violence. *Id.* Our case law does not include all instances of unprotected speech in the "exceptional circumstances" category. After all, it is hard to determine in advance whether speech will

6

be protected or unprotected. *See id.* at 82 ("Labeling certain types of speech 'unprotected' is easy. Determining whether specific instances of speech actually fall within 'unprotected' areas of speech is much more difficult."). Freedom of expression is a core constitutional right. To safeguard this right, it is constitutionally preferable to punish unprotected speech after it occurs, not in advance.

A court order imposing prospective limits on speech—such as an antiharassment restraining order—does not typically raise prior restraint concerns. The exercise of free speech can be regulated by time, place, or manner restrictions so long as those restrictions are narrowly tailored to a compelling governmental purpose. *State v. Noah*, 103 Wn. App. 29, 41, 9 P.3d 858 (2000). "Protecting citizens from harassment is a compelling state interest." *Id*. Thus, the government may place narrow restrictions on speech in order to protect a harassment victim from contact by the respondent. *Id*. This is true regardless of whether the speech would otherwise be classified as protected. *See Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546, 556, 95 S. Ct. 1239, 43 L. Ed. 2d 448 (1975).

Respondents do not claim the orders prohibiting defamatory and harassing speech constituted valid time, place, or manner restrictions. Nor could they. The orders were not tailored to prohibit Mr. Guerrero from contacting the Respondents directly or through third parties. Because the court's orders did not impose narrow time, place, or manner

restrictions, their validity turns on whether they are aimed at the exceptional forms of unprotected speech that are amenable to *a priori* restraint instead of *post hoc* punishment.

Our Supreme Court's decision in *Suggs* casts serious doubt on whether a prior restraint can ever be applied to defamatory speech. *Suggs*, 152 Wn.2d at 82. To be valid, a prior restraint on defamation requires "certainty" that the court order will restrain defamatory speech, as opposed to speech that is insulting or imprecise. *See id.* Mere labels do not work in this context. *Id*. Instead, a prior restraint order must be narrowly worded in a way that does not chill protected speech. *Id*. at 84.

The Respondents claim the court's orders restricting defamatory speech were narrow because each order restrained more than merely speech labeled "defamatory." Instead, Mr. Guerrero was prohibited from posting "additional" defamatory content on the Internet. According to the Respondents, the adjective "additional" specified Mr. Guerrero was prohibited from posting defamatory content that was similar to his prior defamatory content.

We do not find this proffered limitation helpful. The record lacks findings clarifying which of Mr. Guerrero's prior statements were defamatory. One might assume that the statement at issue was Mr. Guerrero's claim that Judge Hedine became a judge by "default." But it is far from clear that this statement qualified as defamation. Defamation

requires more than proof of falsity. *Duc Tan v. Le*, 177 Wn.2d 649, 662, 300 P.3d 356

(2013). Furthermore, when defamation is alleged by a public official, the speaker must be

shown to have acted with actual malice. *Id.* We do not find the protection orders

sufficiently precise to constitute a valid prior restraint of defamatory speech.

Apart from defamation, the court's orders also restrained Mr. Guerrero from

engaging in harassing speech. This provision is even more problematic than the

prohibition on defamation. Speech that is merely harassing is not exempt from

constitutional protections. *Catlett v. Teel*, 15 Wn. App. 2d 689, 704, 477 P.3d 50 (2020).[1]

As such, the concept of prior restraint is inapplicable in this context.

---

[1] Speech that constitutes the crime of harassment is not constitutionally protected. But the crime of harassment requires more than what is typically covered in an antiharassment order. The crime of harassment requires proof of a true threat, involving a serious expression of intent to inflict bodily harm. *State v. Kilburn*, 151 Wn.2d 36, 43, 84 P.3d 1215 (2004).

## CONCLUSION[2]

The orders of protection are reversed in part. These matters are remanded with instructions to remove prior restraints on posting additional defamatory or harassing content. The orders of protection are otherwise affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, J.

---

[2] On the last page of his opening brief, Mr. Guerrero claims "the [antiharassment] order is unlawful as it orders remedies beyond the scope of the court's statutory authority. It is overbroad and overlong in violation of the statute. RCW 10.14.080." The issue of whether the antiharassment orders were too long falls outside the scope of the order granting discretionary review and has not been sufficiently developed to permit appellate analysis. We therefore decline to address it further.